# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC JARVIS, | CASE NO. 1:11-cv-00662-GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| R. KIFER, et al., | (ECF No. 1) |
| Defendants. | |

**Screening Order**

**I.      Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Plaintiff's Claims**

The events at issue in this action occurred at the California Substance Abuse Treatment Facility ("SATF") in Corcoran, where Plaintiff was housed at the time of the events complained of. Plaintiff names the following individual defendants employed by the CDCR at SATF: R. Kifer, D.D.S; C. Bowers, D.D.S.; A. Enenmoh, M.D.; J. Metts, M.D; Does 1 through 4.        Plaintiff sets forth two separate claims in his complaint. Plaintiff alleges that he suffers from severe pain due to prolonged dental disease. Plaintiff also alleges that he has been denied medical care for his serious medical needs on the ground that he is a homosexual.

**A.    Medical Care Claim**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or

1  failure to respond to a prisoner's pain or possible medical need, and harm caused by the
2  indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay in
3  receiving medical treatment, the delay must have led to further harm in order for the prisoner to
4  make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely
5  v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

6        To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under
7  color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal
8  law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives
9  another of a constitutional right, where that person 'does an affirmative act, participates in another's
10 affirmative acts, or omits to perform an act which [that person] is legally required to do that causes
11 the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007)
12 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection
13 can be established not only by some kind of direct, personal participation in the deprivation, but also
14 by setting in motion a series of acts by others which the actor knows or reasonably should know
15 would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

16       As to Plaintiff's allegations regarding his medical care, the Court find the allegations to be
17 vague. Plaintiff alleges generally that he is being denied medical care for his hip and back pain as
18 well as emphysema, but fails to identify any specific conduct by any individual defendant. In order
19 to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where
20 that defendant is employed and in what capacity, and explain how that defendant acted under color
21 of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must
22 describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

23     **B.**    **Dental Care**

24       Plaintiff's claims regarding his dental care suffer from the same defect. Plaintiff complains
25 of deficient dental care in general, but fails to charge any individual defendant with conduct that
26 caused him specific injury. As with his medical claims, Plaintiff must allege facts indicating that
27 each individual defendant engaged in conduct that constitutes deliberate indifference. Plaintiff has
28 failed to do so.

### C.  **Multiple Claims**

"The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or alternate claims, as many claims, legal equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are permissible, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass (a multiple claim, multiple defendant) suit produces, but also to ensure that prisoners pay the required filing fees. The Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without the prepayment of the required fees. 28 U.S.C. § 1915(g). George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's complaint, while short, includes multiple unrelated claims against differing defendants. While it appears that Plaintiff may be able to state at least one cognizable claim, he clearly violates Rule 18(a) by including multiple unrelated claims in this single filing. Plaintiff will be given an opportunity to file a first amended complaint under this case number, wherein he is directed to plead/allege only related claims. All unrelated claims should be brought in separate suits. Plaintiff is advised that if he chooses to file a first amended complaint, and fails to comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are dismissed as strikes, such that Plaintiff may be barred from filing in forma pauperis in the future.

## III.  **Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

1  Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be
2  [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v.
3  Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).
4      Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
5  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
6  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
7  pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original
8  complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing
9  to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at
10  1474.
11      Accordingly, based on the foregoing, it is HEREBY ORDERED that:
12      1.  Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
13      2.  The Clerk's Office shall send Plaintiff a complaint form;
14      3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an
15          amended complaint;
16      4.  Plaintiff may not add any new, unrelated claims to this action via his amended
17          complaint and any attempt to do so will result in an order striking the amended
18          complaint; and
19      5.  If Plaintiff fails to file an amended complaint, the Court will recommend that this
20          action be dismissed, with prejudice, for failure to state a claim.

22  IT IS SO ORDERED.
23  Dated:   **August 23, 2011**          /s/ **Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE