1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ERIC JARVIS,                           1:11-cv-00662-GSA-PC

12              Plaintiff,                    ORDER DENYING MOTION FOR
                                             RECONSIDERATION
13         vs.                               (Doc. 12.)

14    R. KIFER, et al.,

15              Defendants.
      _____/
16

17         Eric Jarvis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil

18   rights action pursuant to 42 U.S.C. § 1983.  This case was dismissed by the Court, with prejudice, on

19   October 25, 2011, for failure to state a claim upon which relief could be granted.  (Doc. 10.)  On

20   November 8, 2011, Plaintiff filed objections to the order dismissing this action.  (Doc. 12.)  The Court

21   shall treat Plaintiff's objections as a motion for reconsideration.

22   **I.      BACKGROUND**

23         Plaintiff filed the Complaint commencing this action on April 27, 2011.  (Doc. 1.)  On May 5,

24   2011, Plaintiff consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1), and no

25   other parties appeared in this action.  (Doc. 5.)  Therefore, pursuant to Appendix A(k)(4) of the Local

26   Rules of the Eastern District of California, the undersigned conducted all proceedings in the case.  Local

27   Rule Appendix A(k)(3).

28
                                             1

1    The Court screened the Complaint pursuant to 28 U.S.C. § 1915 and entered an order on August

2    24, 2011, dismissing the Complaint for failure to state a claim, with leave to file an amended complaint

3    within thirty days. (Doc. 6.) On September 14, 2011, Plaintiff requested an extension of time to file the

4    amended complaint, and on September 15, 2011 the Court granted Plaintiff thirty more days. (Docs. 7,

5    8.)  The second thirty day time period expired, and Plaintiff did not file an amended complaint or

6    otherwise respond to the Court's order.  Therefore, on October 25, 2011, the Court dismissed the action

7    in its entirety, with prejudice, for failure to state a claim upon which relief could be granted.  (Doc. 10.)

8    **II.      MOTION FOR RECONSIDERATION**

9    Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.

10   Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be

11   utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th

12   Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both

13   injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted).

14   In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or

15   different facts or circumstances are claimed to exist which did not exist or were not shown upon such

16   prior motion, or what other grounds exist for the motion."

17   "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless

18   the district court is presented with newly discovered evidence, committed clear error, or if there is an

19   intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,

20   571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party

21   seeking reconsideration must show more than a disagreement with the Court's decision, and

22   recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S.

23   v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

24   Plaintiff argues that the Court should have granted him another extension of time to file the

25   amended complaint.  Plaintiff asserts that on October 20, 2011, he submitted a second request for

26   extension of time because he had not received medical records he needed to finish preparing the

27   ///

28

1  amended complaint.  Plaintiff also argues that the Court should have held him to less stringent standards

2  in determining whether or not he stated a claim in the original Complaint.

3      ***Discussion***

4      To the extent that Plaintiff seeks review by a District Court Judge, he is not entitled to such

5  review because he consented to the jurisdiction of a Magistrate Judge.  "If the statutory requirements [of

6  28 U.S.C. § 636(c)] are met, the final judgment entered by a magistrate is directly appealable to the court

7  of appeals without intervening review by a district judge."  Alaniz v. California Processors, Inc., 690

8  F.2d 717 (9th Cir. 1982).  Plaintiff was informed on the consent form he signed on May 5, 2011, that

9  "[i]n accordance with the provisions of Title 28, U.S,C, Sec. 636(c)(1) . . . to have a United States

10  Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment,

11  *with direct review by the Ninth Circuit Court of Appeals, in the event an appeal is filed*."  (Doc. 5.)

12  (emphasis added)  Therefore, Plaintiff may not appeal the Magistrate Judge's order to the District Court

13  Judge.  Plaintiff may, however, request reconsideration by the Magistrate Judge.

14      Plaintiff's case was dismissed because he did not file his amended complaint before the Court's

15  deadline expired.  The Court's order of September 15, 2011 granted Plaintiff an extension of time until

16  "thirty (30) days from the date of service of th[e] order," which gave Plaintiff until October 18, 2011

17  (thirty days plus three days for mailing)[1] to file the amended complaint.  (Doc. 8 at 1:21.)  Plaintiff did

18  not file an amended complaint or request a second extension of time before the October 18, 2011

19  deadline expired.  (See Court Docket.)   Even applying the mailbox rule, Plaintiff's second request for

20  extension of time was untimely,[2] and Plaintiff has not demonstrated excusable neglect.  Fed. R. Civ. P.

21  6(b)(1).  The Court did not issue the dismissal order until seven days after the deadline expired.

22

23      [1]Fed. R. Civ. P. 6(d).

24      [2]Under the mailbox rule of Houston v. Lack, 487 U.S. 266 (1988), a pro se prisoner's § 1983 complaint is "filed" at
the moment of delivery to prison authorities for forwarding to the district court.  Douglas v. Noelle, 567 F.3d 1103 (9th Cir.
25  2009).  Plaintiff signed his second request for extension of time on October 20, 2011 and filed it on October 25, 2011.  (Doc.
9.)  Even applying the mailbox rule, and finding that Plaintiff could have delivered his request to prison authorities for mailing
26  as early as October 20, 2011, Plaintiff did not "file" the request for extension of time before the October 18, 2011 deadline
expired.
27

28                                    3

1    Plaintiff has not demonstrated that the Court committed clear error, or presented the Court with

2 new information of a strongly convincing nature, to induce the Court to reverse its prior decision.

3 Therefore, the motion for reconsideration shall be denied.

4 **III.    CONCLUSION**

5    Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for a reconsideration,

6 filed on November 8, 2011, is DENIED.

7

8    IT IS SO ORDERED.

9    **Dated:    May 21, 2012**              _/s/ **Gary S. Austin**_
                                          UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                        4